**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Clarence DANIELS, Defendant-Appellant.**

**No. 71–3405**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 12, 1972.

J. Edwin Bailey, Jr., Shreveport, La. (Court-Appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., Robert H. Snemwell, Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* ▉ Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Clarence Daniels was convicted of perjury, 18 U.S.C. § 1621, as a result of testimony given before a federal grand jury. On this direct appeal he specifies the following alleged errors: (1) He was not advised of his right to a court-appointed attorney prior to appearing before the grand jury, (2) the court erred in denying his motion for severance, and (3) the court erred in refusing to admit copies of federal forms in which it is provided that if an indigent person is unable to employ an attorney one will be appointed for him. We affirm.

In January 1971, James Fitzpatrick, a guard at the Caddo Correction Institute (Caddo) in Caddo, Louisiana, was indicted for the alleged violation of 18 U.S.C. § 242. Soon thereafter a special grand jury was called to look into the situation at Caddo. All of the known employees of Caddo were subpoenaed to testify before the grand jury, including Fitzpatrick and Daniels who was also a guard at Caddo. Fitzpatrick, who was then already under indictment, appeared with court-appointed counsel and upon the advice of his counsel invoked the fifth amendment and refused to testify.

Daniels, who had not then been indicted, appeared without counsel. After having been read a "Waiver of Privilege Against Self-Incrimination" Daniels signed the waiver and proceeded to testify. The waiver included the statement that the witness could consult with his attorney outside the grand jury room but contained no statement with respect to the appointment of counsel for indigent witnesses. During the course of this testimony before the grand jury

Daniels made the statements which constituted the alleged perjury.

We deal first with the claim to right of counsel. First, it is clear that there is no *right to counsel* for witnesses appearing before a grand jury. In re Groban, 352 U.S. 330, 333, 77 S.Ct. 510, 1 L.Ed.2d 376, 380 (1957). Daniels concedes as much, but argues that when an indigent witness is advised that he may have an attorney present, he must also be advised that if he is unable to provide his own counsel, one will be appointed for him free of cost. There is simply no such requirement. The need to advise a defendant of his right to appointed counsel arises only at certain critical stages of criminal proceedings.[1] Daniels was not under indictment when he appeared; he was only a witness. Merely because a grand jury or other administrative body has chosen to permit a witness to retain his own counsel is not controlling.

Daniels claims that if he had been advised of his right to counsel he would have followed the procedure taken by Fitzpatrick and refused to testify on fifth amendment grounds. But even assuming that because of the absence of counsel Daniels could not have voluntarily waived his right against self-incrimination, the remedy would be of no avail in this prosecution. In United States v. Orta, 253 F.2d 312 (5th Cir.) cert. denied, 357 U.S. 905, 78 S.Ct. 1149, 2 L.Ed.2d 1156 (1958), this court held that even though a witness had not voluntarily waived his fifth amendment rights, he could not thereafter commit perjury with impunity.[2] We find no merit in the asserted claim of Daniels arising from the absence of appointed counsel.

Daniels' claim that the denial of a severance prejudiced him is not alto-

1. *See, e. g.,* Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) (preliminary hearing); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (pretrial lineup); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (arraignment).

2. *See* Glickstein v. United States, 222 U.S. 139, 142, 32 S.Ct. 71, 56 L.Ed. 128, 130 (1911); United States v. Wilcox, 450 F.2d 1131, 1140 (5th Cir. 1971).

gether clear. As we understand his contention, he desired to call Fitzpatrick as a witness to testify concerning the appointment of his attorney and the attorney's advice to Fitzpatrick to claim the protection of the fifth amendment. Fitzpatrick's attorney refused to let him testify. Daniels' argument seems to be that if severance had been granted, Fitzpatrick would have testified. If our interpretation is correct, Daniels' reasoning is incorrect. Even had severance been granted, Fitzpatrick still could have refused to testify on fifth amendment grounds.

Daniels' remaining claim as to the failure of the court to admit certain forms into evidence is also without merit. As we noted previously, he had no right to appointed counsel. Thus he was in no way prejudiced by the exclusion of forms which included statements advising defendants of their right to appointed counsel *under other circumstances*.

Affirmed.