**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John OSORIO, Defendant-Appellant.**

**No. 73–1630
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

July 25, 1973.

Rehearing Denied Aug. 20, 1973.

Emmett Colvin, Dallas, Tex., for defendant-appellant.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**1344**

PER CURIAM:

We affirm this conviction of John Osorio for theft, embezzlement, and misapplication of funds from the bank, of which he was a director, and the employee pension plan, of which he was a trustee. 18 U.S.C.A. §§ 371 and 664.

 The first four of appellant's contentions on appeal may be dismissed as insubstantial. The admission of the testimony from the grand jury proceeding denied appellant neither his Fifth Amendment rights against self-incrimination nor his Sixth Amendment right to effective assistance of counsel. *See* United States v. Daniels, 461 F.2d 1076 (5th Cir. 1972). Appellant was not adversely prejudiced when the jury accidently saw him during a recess since the jury was properly admonished. The denial of the appellant's request for venue change was within the discretion of the trial judge and that discretion was not abused. The Government did not suppress evidence within its knowledge at the time of trial which would be beneficial to the appellant. United States v. Keogh, 391 F.2d 138, 146–147 (2d Cir. 1968).

 The appellant's remaining arguments concern the intent required for a violation of 18 U.S.C.A. § 664. By analogy to 18 U.S.C.A. § 656, he argues that the investment of trust funds must be unreasonable, not just maladministration. In light of this Court's holding in United States v. Moore, 427 F.2d 38 (5th Cir. 1970), we need not decide the question since sufficient evidence was available for a conviction even if specific intent were required. The trial court charged the jury

> the defendant must embezzle, steal, or unlawfully and willfully abstract or convert to his own use or to the use of another, money, credits, property or other assets of an employee pension plan, benefit plan or employee retirement benefit plan. . . . [W]illfully is something that is done voluntarily and intentionally and with the specific intent to do something the

law forbids. Therefore, with respect to the offense charged in this count, specific intent must be proved beyond a reasonable doubt before there can be a conviction.

Under this charge, the jury must have found specific intent. The evidence was sufficient to sustain the finding.

Affirmed.