Angelo Joseph **PAVONE** et al.,
Plaintiffs-Appellees,

v.

**LOUISIANA STATE BOARD OF BARBERS EXAMINERS** et al., Defendants-Appellants.

No. 74–1456.

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1974.

---

C. Paul Barker, William J. Rein, III, New Orleans, La., William J. Guste, Atty. Gen., Baton Rouge, La., for defendants-appellants.

Joseph Neves Marcal, III, New Orleans, La., for plaintiffs-appellees.

Before TUTTLE, WISDOM and GOLDBERG, Circuit Judges.

PER CURIAM:

The only question we need decide in this case is whether it needed to be heard initially by a statutory three-judge court. It appears that the trial court requested the appointment of a three-judge court pursuant to 28 U.S.C. § 2281, but that the Chief Judge of this court denied the request.

It is now well-settled law that a three-judge court need not be convened if the constitutional defense raised in the case is frivolous in that "previous decisions of [the Supreme Court of the United States] * * * foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933); Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); Sands v. Wainwright, en banc, 491 F.2d 417, 423 (5th Cir. 1973); Fonseca v. Hildago County Water Improvement District, 496 F.2d 109, 112 (5th Cir. 1974).

The test is squarely met in this appeal. The statute challenged by these plaintiffs restricted "cosmetolo-gists" to cutting the hair of females and forbade them from cutting the hair of males. The statute is so patently unconstitutional as not to present a substantial constitutional question. Bolton v. Texas Board of Barber Examiners, 350 F.Supp. 494 (N.D.Tex.1972), affirmed memorandum, 409 U.S. 807, 93 S.Ct. 52, 34 L.Ed.2d 68 (1972). The case was thus properly tried by a single judge, whose opinion, reported at 364 F.Supp. 961, we adopt as the opinion of this court on the merits.

Affirmed.