No. C-536

**The People of the State of Colorado v.
Michael A. Taylor and Richard C. Taylor**

(540 P.2d 320)

Decided August 5, 1975.

Robert R. Gallagher, Jr., District Attorney, C. Scott Crabtree, Deputy, Jerry B. Tompkins, Deputy, for petitioner.

C. J. Berardini, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The respondents, Michael A. Taylor and Richard D. Taylor, owners of a beauty salon, were prosecuted under C.R.S. 1963, 15-1-16 (now section 12-8-116, C.R.S. 1973) on charges that they knowingly permitted a cosmetologist who was not licensed as a barber to practice barbering by having cut the hair of a male person. The respondents were convicted of misdemeanors in the County Court for the County of Arapahoe and the convictions were reversed by the district court, which held unconstitutional that portion of C.R.S. 1963, 15-1-15(3) (now section 12-8-101(3), C.R.S. 1973) which prohibits cosmetologists from cutting a male person's hair. We granted certiorari and for the reasons set forth below affirm the judgment of the district court. We point out that the district attorney now agrees that the statute is unconstitutional.

In Colorado, the practice of cosmetology is defined in C.R.S. 1963, 32-1-3(4), as amended Colo. Sess. Laws 1973, ch. 127 §1 (now section 12-17-103(3), C.R.S. 1973) which provides, *inter alia*, that cosmetology includes cutting the hair of "any person." Furthermore, C.R.S. 1963, 15-1-15(3) exempts those persons authorized to practice cosmetology from the provisions relating to the practice of barbering. However, that same statute also provides that cosmetologists shall not "shave, trim the beard, or cut the hair of any male person for cosmetic purposes" without first complying with the provisions relating to barbering and obtaining a barber's license. Thus, although a barber may cut the hair of persons of either sex, a cosmetologist, by statute, may only cut the hair of female persons.

At all times pertinent to this action, the respondents were licensed cosmetologists in the State of Colorado but were not licensed as barbers. On July 26, 1972, Chester R. Lewis, a male, obtained a haircut at the beauty shop operated by the respondents.

After the reversal of respondents' convictions, the district attorney brought an appeal to this court. The district attorney originally filed a brief in which he maintained that the statute at issue was constitutional. However, he has subsequently filed a substitute brief in which he agrees with the judgment of the district court and urges that C.R.S. 1963, 15-1-15(3) offends the equal protection clause of the United States Constitution and the Equal Rights Amendment to the Colorado Constitution.

That barber and beauty shops or schools and the public practice of barbering and cosmetology can constitutionally be regulated by the state is

not questioned. *Cf. Dunbar v. Hoffman*, 171 Colo. 481, 468 P.2d 742 (1970); *State Board of Cosmetology v. Maddux*, 162 Colo. 550, 428 P.2d 936 (1967). The district attorney, however, urges as part of his equal protection argument that the prohibition against cosmetologists cutting men's hair constitutes sex discrimination in violation of the Equal Rights Amendment to the Colorado Constitution. While we agree with the result urged by the district attorney, we disagree with the contention that this case involves sex discrimination as it applies to the Equal Rights Amendment.

The district attorney concedes that the claimed sex discrimination occurs only as to potential *customers* of cosmetologists. No gender based discrimination has been argued or shown *vis a vis* obtaining a cosmetologist license or practicing the profession of cosmetology. Indeed, in *Green v. Shama*, 217 N.W.2d 547 (Iowa 1974), the Supreme Court of Iowa rejected a claim of sex discrimination in a case nearly identical to the instant case. The court in *Shama* noted that "a litigant may only assert his own constitutional rights and immunities." 217 N.W.2d at 556. And in *Maryland State Board of Barber Examiners v. Kuhn*, 270 Md. 496, 312 A.2d 216 (1973), a suit was brought challenging a statutory scheme which prohibited cosmetologists not licensed as barbers from cutting men's hair. The court noted that the appellants argued the statutory scheme constituted sex discrimination but rejected this argument stating that, "we agree that this is not a case of discrimination based on sex under the Fourteenth Amendment . . ." 270 Md. at 506, 312 A.2d at 222. *See also Panico v. Robinson*, 23 Ill. App.3d 848, 856 n. 4, 320 N.E.2d 101, 106 n. 4 (1974).

The district attorney maintains that *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) stands for the proposition that a person may claim a Fourteenth Amendment violation because of sex discrimination even though that person has not been discriminated against on account of *his* sex. In *Taylor* the defendant claimed an unconstitutional exclusion of women from jury service had occurred, which deprived the defendant of *his* Sixth Amendment right to a jury drawn from a fair cross section of the community. The defendant in *Taylor* alleged sex discrimination only by way of asserting his Sixth Amendment rights. Hence, *Taylor* is inapposite. However, though we do not view the instant case as presenting a violation of the Equal Rights Amendment, we must nevertheless determine whether the statutory prohibition violates the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution as alleged.

■ Of course, where legislation challenged on an equal protection basis does not involve an intrinsically suspect classification, the test to be applied is whether the classification promulgated by the statute rationally furthers any legitimate state interest. *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973). Similarly, an attack upon a statute on grounds that it violates due process by exceeding the authority under the

police power can only be sustained where the statute is shown to have no relation to legitimate state goals. *Englewood v. Apostolic Church*, 146 Colo. 374, 362 P.2d 172 (1961); *Sapero v. State Board of Medical Examiners*, 364 F. Supp. 961 (E.D. La. 1973), *aff'd.*, 505 F.2d 1022 (5th analysis may properly merge with due process analysis in a case such as the present one. In *Pavone v. Louisiana State Board of Barber Examiners*, 364 F. Supp. 961 (E.D. La 1978), *aff'd.*, 505 F.2d 1022 (5th Cir. 1974), a challenge was made to a Louisiana statute which permitted cosmetologists to cut the hair only of female patrons. The court noted that it made little difference whether the statute was analyzed in equal protection terms or according to standards limiting the police power since in either case "the statute must meet certain standards of rationality in order to pass constitutional muster." 364 F. Supp. at 963.

Initially, we note that very nearly every court confronted with a statute which limits cosmetologists to cutting hair of females only has held the statute to be unconstitutional. In *Pavone, supra*, the court held the statute in question to be a violation of the Fourteenth Amendment. The Court of Appeals affirmed, referring to the "patent" unconstitutionality of the statute. A similar result has been reached in a number of other jurisdictions. *See, e.g., Maryland State Board of Barber Examiners v. Kuhn*, 270 Md. 496, 312 A.2d 216 (1973); *Minnesota Board of Barber Examiners v. Laurance*, 218 N.W.2d 692 (Minn. 1974); *Leetham v. McGinn*, 524 P.2d 323 (Utah 1974).

Furthermore, a statutory scheme which restricted the services of licensed cosmetologists to females only, and that of licensed barbers to male persons only, has been held unconstitutional, and affirmed by the United States Supreme Court. *Bolton v. Texas Board of Barber Examiners*, 350 F.Supp. 494 (N.D. Texas), *aff'd without opinion*, 409 U.S. 807 (1972). Only one case, to our knowledge, has been decided to the contrary, and we choose not to follow it. *Green v. Shama*, 217 N.W.2d 547 (Iowa 1974).

Cosmetologists meeting the standards for the cutting of hair have a right to engage in that business, subject only to such restrictions as are rationally related to a legitimate state purpose. We can find no rational relation to legitimate state purposes which justifies prohibiting cosmetologists from performing haircutting services on males when they are permitted to perform such services on females. As pointed out by the district attorney in his brief, it is nowhere contended that the measures taken to protect the health, safety and welfare of the respondents' female clients would be less than adequate to protect male patrons. Nor is it argued that the skill required of cosmetologists in practicing their trade on women would not be equal to the task of performing the same services for men. In fact, the expert testimony indicated that there was no physiological difference between male and female hair.

Thus, to the extent that C.R.S. 1963, 15-1-15(3) prohibits cosmetologists from performing cosmetological services for male patrons, which

206

services they are already authorized to perform for female patrons, the statute is unconstitutional. We leave to the market place the choice which individual males will exercise as to their haircutting preference. We believe the proper analysis was adopted in *Kuhn, supra*, where the court stated that the thrust of the case was to,

" . . . only permit them (cosmetologists) to render the same services for men's hair that they already lawfully and competently provide for women's hair; that there is no difference between the hair of males and females; that the cosmetologists do not seek, nor will they be permitted to hold themselves out as barbers; . . ." 270 Md. at 508, 312 A.2d at 223.

■ Our decision only provides that public haircutting may be practiced both by licensed barbers and licensed cosmetologists. Other regulations and restrictions treating barbers and cosmetologists differently are not here ruled upon.

The judgment of the district court is affirmed.