UNITED STATES of America,
Plaintiff-Appellee,

v.

Larry H. ROBINSON,
Defendant-Appellant.

No. 76–3136
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 2, 1977.

Rehearing Denied June 30, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

430

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Defendant, convicted of the interstate transportation of a security obtained by fraud, and the operation of a scheme to defraud through use of interstate telephonic communications, 18 U.S.C.A. §§ 2314, 1343, appeals on four grounds: (1) the constitutionality of the Federal Public Defender System; (2) the denial of a speedy trial, as guaranteed by the Speedy Trial Act, 18 U.S.C.A. § 3161 *et seq.*; (3) the denial of his motion for a continuance of the trial; and (4) sufficiency of the evidence. We affirm.

Defendant argues that the *Federal Public Defender System,* established pursuant to 18 U.S.C.A. § 3006A, unconstitutionally contravenes the spirit of a true adversary system because his attorney was employed by the Government as a federal public defender. True, public defenders are paid with funds from the United States Treasury. But under § 3006A(h)(2)(A), Federal Public Defenders are appointed by the Judicial Councils of the various United States Courts of Appeals, and, when appointed by the Courts to represent a defendant, they function independently of any agency of the Government and in a truly adversary action. Accordingly, we rebuff defendant's constitutional challenge to 18 U.S.C.A. § 3006A. Defendant has a constitutional right to counsel, but not to counsel of his own choice. *See United States v. Sexton,* 473 F.2d 512 (5th Cir. 1973). Furthermore, defendant has shown no prejudice as a result of his representation by the Federal Public Defender.

As to defendant's assertion that he was denied a *speedy trial,* the facts of the instant case weigh in favor of the Government under the balancing test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The delay between the return of the indictment and the first trial was a year, not *per se* unreasonable. De-

Michael Thornell, Houston, Tex., for defendant-appellant.

John E. Clark, U. S. Atty., LeRoy Morgan Jahn, Jeremiah Handy, Asst. U. S. Attys., Wayne F. Speck, Atty., San Antonio, Tex., for plaintiff-appellee.

fendant obtained a § 2255 vacation of his first sentence. The retrial was delayed on request of defendant and to obtain exhibits from the first trial. Defendant raised no speedy trial objection until the day of trial, just three days after his motion for another ninety-day continuance had been denied. The general allegation that witnesses' memories have faded is insufficient. *See United States v. Avalos,* 541 F.2d 1100, 1115–1116 (5th Cir. 1976).

█ In curious opposition to his previous argument, defendant contends that his *motion for a ninety-day continuance* was erroneously denied. Four days before trial, defendant sought a continuance, stating that "I will be able to employ an attorney of my choice within 60 days, although as of the date of this motion, I have no money or assets." Defendant, who had been working with his court-appointed attorney for several months, made no allegation of ineffective assistance of counsel. In light of the delays already occasioned at defendant's request and his speculative ability to retain counsel, there was no abuse of discretion in denial of a continuance, nor in the court's lack of inquiry into defendant's possible dissatisfaction with his appointed counsel. *See United States v. Dilworth,* 524 F.2d 470 (5th Cir. 1975).

██ Finally, defendant challenges the *sufficiency of the evidence* to sustain his conviction under 18 U.S.C.A. § 2314 on the grounds that the Government did not prove intent to defraud or that the security had a value in excess of $5,000. Viewed in the light most favorable to the Government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the evidence was sufficient. Robinson and a co-defendant were involved in a scheme to promote worthless mining land in Texas. They contacted a Dr. Ford about participating in their mining venture and induced him to sign a contract by which he assumed a $30,000 debt allegedly owed by defendants to one Neyland for the mining rights to this land. In return, Ford was to receive a 25% interest in the venture and 10% of the stock of a corporation. Defendants held only prospectors' permits to the land which they had acquired from the State for $161 and which did not entitle them to mine the land. They had no mining rights nor did they owe Neyland any money. Defendants had greatly inflated the value of the stock. When Ford began having trouble meeting his payments, he contacted a friend, Dr. Reed, in Atlanta. A deal was reached between Reed and defendants whereby Reed would take over Ford's interest in the venture and the stock in the corporation. Reed gave Robinson a promissory note for $17,250, to be used as collateral to borrow money for a land survey. Robinson assigned the note to a Mr. Scamardo for purchase of a personal residence. When Scamardo was unable to collect the note from Reed, he sued and obtained a $3,500 settlement.

This evidence was sufficient for the jury to find that Robinson had the necessary intent to secure the promissory note from Dr. Reed by fraud. As to the note value, 18 U.S.C.A. § 2311 defines value as "the face, par, or market value, whichever is the greatest." Face value was clearly more than $5,000. Scamardo testified at trial that he gave Robinson credit for face value. *Cf. United States v. Nall,* 437 F.2d 1177, 1186–1187 (5th Cir. 1971). Subsequent settlement of litigation on the note for less than $5,000 does not deprive this evidence of the sufficiency needed to sustain a criminal conviction under this Act.

The judgment of the district court is AFFIRMED.