## No. 9223.

### CHICAGO TITLE AND TRUST COMPANY *v.* PATTERSON.

TAXATION—*Irrigation District Taxes—District Coupons.* Coupons from the bonds of an irrigation district are a lawful tender for the district tax levied for the year in which such coupons mature; but which tax is collected in the year next succeeding.

*Error to Weld District Court, Hon. Robert G. Strong, Judge.*

Messrs. SMITH, BROCK & FERGUSON, Mr. JOHN P. AKOLT, for plaintiff in error.

Mr. WALTER E. BLISS, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

IN addition to the necessary formal matters, plaintiff in this case alleged that it was the owner in trust of certain

lands comprising a large area situated in the county of Weld, and included within and subject to the bonded indebtedness of the Denver St. Vrain Municipal Irrigation District; that the Board of County Commissioners of Weld county pursuant to the statutes, made a certain levy of taxes for the purpose of paying the interest upon the bonds of the district; that the levy was duly extended upon the assessment roll and tax lists of the defendant treasurer, and that the County Treasurer on or about January 1st, 1917, proceeded to collect such irrigation district bond fund taxes; that the plaintiff thereupon tendered to the defendant as County Treasurer and as ex-officio treasurer of the irrigation district, the amount of taxes due for general taxes, and the current expense and general fund portion of the irrigation district taxes, and at the same time tendered in 1917, to the treasurer in payment of the bond fund portion of the irrigation district taxes, levied for the purpose of paying the interest upon said district bonds, interest coupons, maturing in 1916, in which year the Board of County Commissioners had made the levy therefor, and plaintiff demanded that defendant receive the coupons as so much lawful money of the United States in payment of such taxes payable in 1917. Further, that the amount of coupons so tendered, did not exceed the amount of the district bond fund tax which plaintiff owed, and that, notwithstanding the tender and offer by plaintiff as aforesaid, defendant refused to accept the interest coupons maturing for the year 1916, for the payment of taxes payable in 1917, but contended and claimed that under the statute he was obliged to receive only those interest coupons maturing within the year 1917, in payment of the irrigation district taxes levied in the year 1916, and payable January 1st, 1917.

Further, that there were no funds in the hands of the treasurer with which to pay the interest coupons in cash, and that interest and penalties were accumulating, because of the refusal of defendant to accept the same in payment of such taxes.

Pursuant to the prayer of the petition an alternate writ of mandamus was issued, directed to defendant who thereafter filed his answer, admitting all the allegations of the complaint or petition, and stating that defendant had refused to receive as payment of the bond fund taxes, coupons due in the year 1916, for the reason that the levy made by the county commissioners in 1916, was made for the payment of interest coupons maturing and falling due in the year 1917, and that he had no authority to receive coupons in payment of taxes payable in 1917, other than coupons maturing and falling due in the year 1917.

The facts being admitted, no evidence was introduced, and the court entered judgment dismissing the case at the cost of the plaintiff.

Section 3460, Revised Statutes 1908, provide as follows:

"It will be the duty of the county treasurer of each county in which any irrigation district is located in whole or in part, to collect and receipt for taxes levied as herein provided in the same manner and at the same time, and on the same receipt as is required in the collection of taxes upon real estate for county purposes; provided, however, that such county treasurer shall receive in payment of the general fund tax, above mentioned, for the year in which said taxes were levied, warrants drawn against said general funds, the same as so much lawful money of the United States, if such warrant does not exceed the amount of the general fund tax which the person tendering the same owns (owes); provided, further, that such county treasurer shall receive in payment of the district bond fund taxes above mentioned for the year in which said taxes were levied, interest coupons or bonds of said irrigation district maturing within the year the same as so much lawful money of the United States, if such interest coupons or bonds do not exceed the amount of district bond funds tax which the person tendering the same owns (owes)."

It is admitted that the levy was made in 1916, and for the taxes for that year but payable in 1917. It is likewise agreed that the coupons tendered, matured in 1916.

The statute provides "that such County Treasurer shall receive in payment of the district taxes above mentioned for the year in which said taxes were levied." The taxes in this case were in the year 1916, and for the tax of that year. The statute provides that coupons on bonds to be so received shall be the "interest coupons or bonds of said irrigation district, maturing within the year."

No other year is mentioned in the statute except the year in which the taxes were levied, hence it would do violence to the plain language of the state, in the ordinary and accepted meaning, to say that "maturing within the year" can apply to other coupons or bonds than those maturing within the year in which the tax was levied. Neither can there be any legitimate inference that this language can refer to any other year than the one in which the tax is levied. In fact the inference if any there should be must be to the contrary.

All taxes levied for any one year become due and payable on the first day of the succeeding year. Under the statute we are considering it is provided that interest on irrigation bonds shall be payable semi-annually on the first day of June, and December of each year.

Therefore coupons maturing in 1917, which the treasurer demanded, could not have matured on the first day of the year, when the tax became due. They were not an obligation due or on which payment could be demanded at that time. Nothing can be clearer under the language of the statute, than that in tendering coupons maturing in 1916, in payment of taxes levied in and for that year, the plaintiff met its requirements.

The policy of the law may or may not be a wise one, but it is for the court to construe its language as it finds it. The statute being explicit does not admit of interpretation beyond its express letter, and must be administered as we find it, and as was said in *Clayton v. People*, 53 Colo. 124, 123 Pac. 664, "it would be an act of judicial legislation to give to it any construction other than the plain meaning which the language indicates."

If the law requires to be remedied, that is a question for the legislature.

The judgment is reversed with instruction to grant the peremptory writ of mandamus prayed in the petition.

*En banc.*

Mr. Justice Teller dissenting:

While concurring in the views expressed by the Chief Justice, I deem it desirable to state my further reasons for dissent:

The majority opinion is based upon the alleged fact that the statute is explicit on the matter in question; that no other construction than that announced is possible without ignoring the language of the act. This is, I think, giving to the language used in the section quoted an effect to which it is not entitled.

All taxes are, in common parlance, taxes *for the year* in which they are levied, though payable during the next year. . Hence, the phrase in the statute " for the year in which said taxes were levied," is surplusage, adding nothing to the term "taxes." The section would have the same meaning if the part now under consideration read: "Provided, further, that such county treasurer shall receive, in payment of the district bond fund taxes above mentioned, interest coupons or bonds of said district maturing within the year, etc."

This leaves the statute in harmony with the other statutory provisions, and our decisions, which, as Justice Hill points out, are in conflict with the law as construed in the majority opinion.

If the statute used the words *"said* year", it might reasonably be claimed that it referred to the year of the levy; but the words, "within the year," apply as well to the year of payment as to the year of levy.

No reason has been suggested for making the taxes payable by coupons maturing within the year of the levy, while there are reasons, readily appearing, why they should be paid by coupons of the year when the taxes are payable.

The coupons mature June first, and December first, in each year. If they can be used only for the payment of taxes *levied* that year, the coupons falling due June first cannot be used until January first of the following year, when they will be seven months past due. In the meantime, the coupons will be drawing interest. What possible reason can there be for such an arrangement for payments? On the other hand, if "within the year" means the year *in* which, and not, *for* which, payments are to be made, the June due coupons may be used as soon as they mature, and the December coupons need be not more than a month past due when used.

In providing for the use of interest coupons in the payment of taxes, the natural plan would be to make them available for the authorized use at maturity, or as soon as possible thereafter. Unless, then, the language of the statute admits of no other construction, it should not be held to intend a different plan for which there is no ascertainable reason.

There being no necessity for the construction given to the statute by the majority opinion, and the result being a requirement without foundation in reason, such construction is not justified.

Chief Justice Hill dissenting:

I cannot concur in the conclusion reached. It is in conflict with the entire plan of our irrigation district act. It is an elementary rule of construction that an act should be considered as a whole, and in thus considering it we should take into consideration all pre-existing laws and such other matters as courts take judicial notice of. In *County Commissioners v. Lunney*, 46 Colo. 403, at page 415, 104 Pac. 945, 949, it is said:

"In the interpretation of a statute the legislative purpose and object are always to be borne in mind, and an indispensable requisite is to first inquire what object was sought to be accomplished by it. The intent of the statute is the law, and general words may be restrained to it and those

of a narrower import may be expanded to embrace it to effectuate that intent."

Counsel for plaintiff in error concede that the word "owns" in the section under consideration should be read "owes" for the reason, as they state, that it is obvious that the legislature meant "owes" and not "owns," but they are not willing for the same reason that the same rule should apply to this act as a whole, for when thus considered it is not only obvious that it was not intended as they construe it, but to give it their construction is to bring the words relied upon in direct conflict with other provisions of the act. In my opinion the words "provided further that such County Treasurer shall receive in payment of the district bond fund taxes above mentioned for the year in which said taxes were levied, interest coupons on bonds of said irrigation district maturing within the year" was not intended to mean interest coupons maturing within the year that the taxes were levied but to the contrary, that the words "within the year," as there used, mean coupons maturing within the year that the taxes were payable. In other words, that the words "within the year," as there used, do not relate back to the year when the taxes were levied, but relate to the year in which they are to be paid. This construction harmonizes the entire act. The taxes were levied in December, 1916, to pay coupons due in 1917. Section 3459 Revised Statutes 1908, so provides, and the resolution of the County Commissioners making it so states, and in my opinion this was what was intended by the legislature as disclosed by this and other provisions of the act when considered in connection with it.

Section 3456, Revised Statutes, 1908, provides that the bonds and interest thereon shall be paid by revenue derived from an annual assessment upon the real property of the district. Section 3457 as enacted in 1905 provides it shall be the duty of the board of directors on or before September the 1st of each year to determine the amount of money required to meet the maintenance, operating and

current expenses for the ensuing year, and to certify to the County Commissioners of the county in which the office of said district is located, said amount, together with such additional amount as may be necessary to meet any deficiency in the payment of said expenses theretofore incurred. It should be observed that this section does not apply to interest coupons. By amendment in 1913, the date was changed from September the 1st to October the 15th. By a later amendment in 1915, the section provides that the fiscal year of each irrigation district shall commence on the 1st day of January in each year, and that it shall be the duty of the board of directors on or before the 15th of October in each year to determine the amount of money required to meet the maintenance, operating and current expenses for the ensuing fiscal year, and to certify, by resolution, to the county commissioners as heretofore stated.

Section 3459, Revised Statutes, 1908, remains unchanged. It covers interest coupons, and provides that it shall be the duty of the County Commissioners of the county in which is located the office of any irrigation district, upon the receipt of the certificate of the board of directors certifying the total amount of money required to be raised, as therein provided, to fix the rate of levy necessary to provide said amount of money, *and to fix the rate necessary to provide the amount of money required to pay the interest and principal of the bonds of said district as the same shall become due, etc.*

Section 3454 provides that the interest on bonds shall be paid semi-annually on the 1st day of June and December of each year. Section 3459 provides that all taxes levied under this act are special taxes. While section 3461 provides that the revenue laws of the state for the assessment, levying and collecting of taxes on real estate for county purposes, except as herein modified, shall be applicable for the purposes of said irrigation district act.

Under the general revenue laws of the state, the County Commissioners are required to make their levies during

the last quarter of each fiscal year, to meet the anticipated expenditures for the ensuing year. These taxes become due and payable in the fiscal year following. When these sections are considered as a whole, it follows that the levy for paying interest coupons, made in the Fall of 1916 was made for the purpose of paying the coupons falling due in June and December, 1917, and not for the purpose of paying the coupons falling due in 1916. Such is the reasoning in *Eberhart v. Cannon, County Treasurer*, 61 Colo. 340, 157· Pac. 189, wherein it is held that our irrigation district act contemplates that their management be by distinct fiscal years, and that the annual revenue of a district must be applied to discharge its expenses during the year in which the revenue was to be paid; that the provisions of section 18 of the act of 1905 requiring the district board to determine the amount of money required for each ensuing year indicated the legislative intent that districts be managed under the fiscal year system the same as counties.

The amendment to section 3457 in 1915, which was enacted prior to this decision. is, in substance, the same as this court held the original act meant. It was evidently enacted to relieve any question concerning it. While this case applies to warrants only, the same reasoning was announced in *Thomas v. Patterson*, 62 Colo. 547, 159 Pac. 34, where interest coupons were involved. It is to the effect that where a levy is made one year to pay the interest coupons coming due during the year following, and during which year the taxes thereunder are due and payable, that the moneys thus raised must be used for this purpose, and none other. To the same effect is the reasoning in *Henryln Irrigation District v. Thomas*, — Colo. —, 173 Pac. 540. To hold that moneys due under the 1916 levy made to pay the 1917 coupons can be paid in 1916 coupons is in conflict with the other portions of the act as heretofore construed, for the reason that it takes the moneys levied to pay coupons due in 1917, and allows it to be used in the payment of coupons due in 1916. On the other hand, if we construe

the words "within the year" as applying to the year the coupons are due, we have no conflict in the entire act pertaining to the matter. In such case, the coupons due in 1916 can be used in payment of the taxes payable during the year 1916. These taxes were levied for that purpose, and none other. This has been the custom followed by the County Treasurers and in my opinion is what was intended.

Another reason which leads me to believe that such was intended is the order of the dates concerning these matters. While technically speaking all taxes are due and payable on January 1st, yet none are delinquent until March 1st, when, if the first half is not paid it draws interest at twelve per cent per annum until August 1st, when if the other half is not then paid it all commences to bear a penalty from that date at the rate of fifteen per cent per annum, and thus continues until the land is sold for their non-payment, which cannot occur until October, November or December following. Irrigation interest coupons are due semi-annually in June and December. Section 3459 Revised Statutes, 1908, provides that the county commissioners (upon the receipt of the certificates from the district board which would have to be on or after October 15th) shall fix the rate necessary to pay the interest on the bonds as the same *shall become due.* The record discloses that this levy was made in December, 1916, in compliance with this section and the resolution states that it was made for the payment of coupons maturing in 1917. It will thus be seen, per the arrangement of the revenue act for the payment of taxes in connection with the section last named that the moneys for their payment is arranged to come in so that it will be in the hands of the treasurer at or but a short time before they become due, and that any one owing it holding interest coupons due in the year in which it becomes due can use them in paying it without doing violence to the rights of any other. By this method, the County Treasurer will have the moneys on hand the shortest length of time, yet a sufficient time is provided for its accumulation to be reasonably as-

sured of the amount needed when the coupons become due. On the other hand, the coupons could not be used for this purpose during the year in which they become due, but in order to use them the owner would have to hold them until the next year before they could be used for this purpose. I find no provision in the act for the payment of interest on the coupons after maturity, hence to thus use them one would have to go without interest on those due June 1st until January following, and use them then in payment of the tax, the half of which he need not pay until March 1st, following, and the other half until August 1st, thereafter, without being burdened with any penalties. In my opinion, such a state of affairs was never intended.

The fact that under the current year system a person could use coupons in payment of the interest tax levy before the coupons were due, is, in my opinion, no argument against the showing that such was intended, but to the contrary the fact that the section says "interest coupons on bonds of said irrigation district maturing within the year" is, to my mind, conclusive of the fact that the ensuing fiscal year was intended, that is the year when the taxes were payable. The taxes levied in 1916 are not extended until 1917. The 1916 coupons are then all past due. If it was intended to apply to them, there was no necessity for saying "maturing within the year," but if it was intended to apply to the 1917 coupons and those maturing June 1st and December 1st are to be placed upon the same basis, and allowed to be used in the payment of one's interest tax payable during the year in different amounts and at different times without penalties, as the law provides, it was necessary to make the act read as it does when it uses the words "within the year" and in my opinion this is just what was intended by the language used.