### No. C-243

## The People of the State of Colorado v. James J. Von Tersch
(505 P.2d 5)

Decided January 8, 1973.

296

Floyd Marks, District Attorney, Ronald M. Andersen, Deputy, for petitioner.

No appearance for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant-respondent, hereinafter referred to as defendant, was cited in Adams County Court for violation of a section of the Motor Vehicle Statute relating to suspension systems (1971 Perm. Supp., C.R.S. 1963, 13-5-166). On the ground that the section of the statute is unconstitutional, defendant moved to dismiss the charge against him. The county court granted the motion. On appeal by the People to the district court, the declaration of unconstitutionality of the statute was affirmed.

No testimony was adduced in the trial court; thus the statute was declared void on its face. The statute reads:

"*Alteration of suspension system.* (1) No person shall operate

a motor vehicle of a type required to be registered under the laws of this state upon a public highway with either the rear or front suspension system altered or changed from the manufacturer's original design, except that nothing contained in this section shall prevent the installation of manufactured heavy duty equipment to include shock absorbers and overload springs, nor shall anything contained in this section prevent a person from operating a motor vehicle on a public highway with normal wear of the suspension system if normal wear shall not affect the control of the vehicle.

"(2) This section shall not apply to motor vehicles designed or modified primarily for off-highway racing purposes, and such motor vehicles may be lawfully towed on the highways of this state.

"(3) Any person who violates any provision of this section shall be guilty of a misdemeanor and shall, upon conviction thereof, be punished by a fine of not less than one hundred dollars nor more than three hundred dollars, or by imprisonment in the county jail for not more than thirty days, or by both such fine and imprisonment."

\* \* \*

█ We hold the statute unconstitutional for over-breadth. In *City of Lakewood v. Pillow*, 180 Colo. 20, 501 P.2d 744, we held an ordinance of the City unconstitutional, stating that a law cannot be so general in its scope that it includes within its prohibitions the right to engage in certain activities which cannot under the police powers be reasonably classified as unlawful and thus, subject to criminal sanctions. We therein stated:

"A governmental purpose to control or prevent certain activities, which may be constitutionally subject to state or municipal regulation under the police power, may not be achieved by means which sweep unnecessarily broadly \* \* \*. Even though the governmental purpose may be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved. \* \* \*"

█ We take judicial notice of that which is common

knowledge, namely, that the suspension systems of modern automobiles are composed of hundreds of individual parts specifically engineered for each make and model of automobile. They are tested and refined for each model produced. If the systems are susceptible to change and refinement each year, a flat prohibition against any alterations except heavy duty shock absorbers or springs makes any improvements on older model cars criminal conduct.

In effect, each of the many manufacturers are clothed with authority — through engineering whim — to set a standard for its product enforceable in Colorado, and thus make conduct in Colorado subject to criminal sanctions if one disagrees with the design.

Under the rule-making power granted by statute, the Motor Vehicle Department has promulgated rules and regulations which shed light on the statute's overbreadth. The Department's instructions relating to the semi-annual safety inspection of vehicles set out guidelines. Numerous alterations to the suspension system are permitted and held to be safe, notwithstanding the outright prohibition against any alteration as provided by the statute. The regulations generally prohibit those changes from the original manufacturer's design which adversely affect the control of the vehicle. Substitution of I-Beam or solid axle systems for independent front suspensions can pass inspection if engineering data indicates proper handling and control characteristics. Also permitted are suspension systems on *rebuilt* vehicles substantially in conformity with standard engineering practices. Compliance with or adherence to the regulations would be a violation of broad provisions of the statute and a valid safety check would not be a defense.

The judgment is affirmed.

MR. JUSTICE KELLEY concurs in the result only.

MR. JUSTICE KELLEY concurring in the result only.

I recognize that the court has the power to pass on the constitutionality of a statute on a basis not considered by the trial court nor urged by the parties (*Mountain States Tele. &*

*Tele. Co. v. Animas Mosquito Control District,* 152 Colo. 73, 380 P.2d 560), but in the context of this case, I think it would have been better to have permitted a rebriefing to afford the Attorney General an opportunity to attempt to justify the Legislature's broad prohibition found in this statute.

In the majority opinion, judicial notice is taken as to the composition of suspension systems on modern automobiles. The opinion states that the suspension systems are tested and refined for each model and that they are susceptible to change and refinement each year, and that the prohibition against alterations makes improvements on older model cars criminal conduct. I have difficulty in believing that these facts, if they are facts, are of common knowledge. I agree only with the conclusion that the almost flat prohibition against alteration, which in effect prohibits modifications which might make a particular car safer, is unconstitutionally restrictive.

I also do not believe that we should rely upon the Department of Revenue, Motor Vehicle Division, regulations, which are wholly unauthorized, in view of the fact that they amount to the repeal of the statute rather than regulations designed to carry out the purpose and intent of the statute. They may indicate the shortcomings of the statute, but inasmuch as they overrule the statute, we should not recognize them as a valid exercise of delegated authority.