### No. 27326

**The People of the State of Colorado v. Jerry Roger Smith a/k/a Roger Don Yates; Gary Lee Williams; Donald L. Shirer; and James Lincoln Crall a/k/a Lincoln Fredrick Black**

(566 P.2d 364)

Decided July 11, 1977.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, Thomas P. Casey,. Chief Appellate Deputy, for plaintiff-appellant.

Douglas John Traeger, Kenneth Keene, for defendant-appellee Gary Lee Williams.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, intervenor.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Defendants were charged in an eight-count indictment. Three of these charges were under section 42-5-102, C.R.S. 1973. The district court declared this statute to be unconstitutional. We reverse.

Section 102 provides:

"Stolen auto parts — buying, selling. Any person who buys, sells, exchanges, trades, receives, conceals, or alters the appearance of an automobile, or any automobile part, equipment, attachment, accessory, or appurtenance, which is the property of another, or any person who aids or abets in the commission or attempted commission of any such act, knowing or having reasonable cause to know and believe that such automobile or automobile part, equipment, attachment, accessory, or appurtenance is stolen property, is guilty of a felony and, upon conviction thereof, shall be punished by a fine of not more than one thousand dollars or by imprisonment in the state penitentiary for not less than one year nor more than ten years."

One defendant was charged under this section with feloniously altering an automobile engine which was the property of another. All three defendants were charged with feloniously selling automobile parts from automobiles which were the property of others.

Without amplifying upon its reasons, the district court ruled that section 102 be "declared unconstitutional as a denial of equal protection of the Law."

The defendant Williams was the only appellee to file a brief. His principal argument in support of the district court's ruling reads as follows:

"At present a district attorney has the discretion to charge a person under either the Sale of Automobile Parts Statute, Theft of Automobile Parts Statute, or the General Theft Statute. A person accused of selling auto parts worth five dollars can be charged with a felony under C.R.S. 1973, 42-5-102 or with a class 1 petty offense under the General Theft Statute, C.R.S. 1973, § 18-4-401 (3.1) (1975 Supp.). Thus, at the district attorney's discretion, he faces a possible penalty of either imprisonment in the state penitentiary for a period of not less than one nor more than ten years, C.R.S. 1973, § 45-5-102, or imprisonment for not more than six months other than in the state penitentiary, C.R.S. 1973, § 18-1-107. The value threshold for the dealing in stolen automobile parts is so disproportionate to the General Theft Statute as to render its literal enforcement as absurd and does indeed deprive the defendant of equal protection of the laws."

With one exception which will be mentioned later, the constitutional issues are identical with those addressed by us in *People v. Czajkowski, et al,* 193 Colo. 352, 568 P.2d 23, announced contemporaneously with this opinion. For the reasons there stated (relating to section 42-5-104, C.R.S. 1973), we hold that section 102 also constitutes a reasonable classification and that there may be prosecutions under section 102 irrespective of the general theft statutes.

The one exception noted above is the fact that section 104 applies to auto parts having a value of more than $20, whereas section 102 relates to automobiles and automobile equipment irrespective of value. So far as the issue of unconstitutionality is concerned, the exception is immaterial.

The general theft statutes are of general proscription, prohibiting a broad category of activity. *Hucal v. People,* 176 Colo. 529, 493 P.2d 23 (1971). In contrast, section 102 is not aimed at the general thief, but instead at the person who "buys, sells, exchanges, trades, receives, conceals, or alters the appearance of an automobile, or any automobile part. . . ." This is a statute dealing with those who seek to aid a thief. Its purpose is to curb the trafficking of stolen automobiles and stolen automobile parts. Such being the purpose, the legislature correctly perceived that there was no need to fix a value of the particular property involved.

As in *Czajkowski, supra,* the defendant Williams contends that, when the various crimes of theft were consolidated into the general theft statute, section 102 was not repealed because of legislative oversight. Disposition of this point has been made in *Czajkowski.*

It is argued that the district attorney acted arbitrarily and capriciously in choosing not to dismiss the charges under section 102 in the light of the general theft statutes. Again, we addressed ourselves to this

question in *Czajkowski* and found it to have no merit.

The judgment is reversed and the cause remanded with directions to reinstate the three counts of the indictment relating to section 102.

MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN dissent.