## No. 79SA69

## The People of the State of Colorado v. Danny Sequin

(609 P.2d 622)

Decided March 31, 1980.

382

Stuart A. Van Meveren, District Attorney, Loren B. Schall, Assistant, for plaintiff-appellant.

Frey & Huisjen, John P. Frey, for defendant-appellee.

*En Banc.*

JUSTICE LOHR delivered the opinion of the Court.

This is an appeal from a trial court order dismissing criminal charges against the defendant on grounds that section 42-5-102(2), C.R.S. 1973 (1979 Supp.), is unconstitutional. We reverse.

Defendant was charged with two class 4 felonies under section 42-5-102(2), C.R.S. 1973 (1979 Supp.), for knowingly possessing an automobile and automobile parts containing altered identification numbers.[1]

---

[1] For convenience and brevity we use "altered" to encompass the statutory terms "removed, changed, altered, or obliterated" and "identification number" to encompass the statutory terms "vehicle identification number, manufacturer's number, or engine number." *See* section 42-5-102(2), C.R.S. 1973 (1979 Supp.).

The statute provides:

"Any person who removes, changes, alters, or obliterates the vehicle identification number, manufacturer's number, or engine number of an automobile or automobile part or *knowingly possesses an automobile or automobile part containing said removed, changed, altered, or obliterated vehicle identification number, manufacturer's number, or engine number* commits a class 4 felony . . . ." (Emphasis added.)

The trial court found the statute to be unconstitutionally overbroad and vague and dismissed the charges.

■ Familiar principles of constitutional law provide the framework for our review. The statute is presumed to be constitutional. *E.g., People v. Edmonds,* 195 Colo. 358, 578 P.2d 655 (1978); *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972). Defendant has the burden of proving the statute to be unconstitutional beyond a reasonable doubt. *E.g., People v. Albo,* 195 Colo. 102, 575 P.2d 427 (1978); *People v. Gonzales,* 188 Colo. 272, 534 P.2d 626 (1975). He has failed to carry that burden.

### I.

We first address the question whether the statute is unconstitutionally overbroad.

■ A statute which proscribes conduct which can be prohibited under the police power of the state is overbroad if it also purports to proscribe conduct which cannot validly be prohibited under that power. *People v. Garcia,* 197 Colo. 550, 595 P.2d 228 (1979); *People v. Holloway,* 193 Colo. 450, 568 P.2d 29 (1977). A judicial declaration that a statute is overbroad on its face is an extreme remedy and is to be used sparingly. *People v. Weeks,* 197 Colo. 175, 591 P.2d 91 (1979); *People v. Stage,* 195 Colo. 110, 575 P.2d 423 (1978).

■ It is a fundamental principle of constitutional adjudication that "a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Broadrick v. Oklahoma,* 413 U.S. 601, 610, 93 S. Ct. 2908, 37 L.Ed.2d 830 (1973); *accord, People v. Stage, supra; People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975). Defendant recognizes that principle and does not attempt to bring himself within any of the limited narrow exceptions to its application.[2]

---

[2] Perhaps the broadest exception has been created where a statute is claimed to infringe constitutionally protected speech contrary to the First and Fourteenth Amendments to the Constitution of the United States. In such cases, in the interest of avoiding a chilling effect on the right of free speech, defendants have been permitted to assert that a statute is overbroad even when their own activity is clearly within the legitimate reach of the statute. *E.g., Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); *see People v. Stage, supra; People v. Blue, supra.* No claim is made in this case that constitutionally protected speech has been infringed.

Defendant has standing to challenge the application of section 42-5-102(2), C.R.S. 1973 (1979 Supp.), to his business of assembling vehicles from new and used parts[3] to the extent that the statute affects him personally and adversely. *See People v. Stage, supra; People v. Blue, supra.* That statute was enacted to curb trafficking in stolen automobiles and stolen automobile parts. *Cf. People v. Smith,* 193 Colo. 357, 566 P.2d 364 (1977).[4] Trafficking in stolen property directly affects public safety and welfare and is an appropriate subject for legislation in exercise of the police power of this state. *Cf. People v. Czajkowski,* 193 Colo. 352, 568 P.2d 23 (1977) (involving an equal protection challenge to section 42-5-104, C.R.S. 1973, which treats theft of automobile parts). Alteration of identification numbers is one means to conceal evidence of theft. Prohibition of possession of automobiles and automobile parts having altered identification numbers is rationally related to the prevention of theft and the apprehension of thieves. There is no constitutional right to possess automobiles or automobile parts having altered identification numbers. *Compare People v. Holloway, supra, with Wilson v. Denver,* 65 Colo. 484, 178 P. 17 (1918). The state has a legitimate interest in controlling harmful, constitutionally unprotected conduct. *People v. Fitzgerald,* 194 Colo. 415, 573 P.2d 100 (1978). Thus, section 42-5-102(2), C.R.S. 1973 (1979 Supp.), treats a legitimate subject for legislation under the police power, does not infringe any constitutionally protected aspects of the business of assembling vehicles from new and used parts, and is not overbroad as applied to such business.[5]

## II.

We next consider whether section 42-5-102(2), C.R.S. 1973 (1979 Supp.), is unconstitutionally vague. Due process of law requires that a statute not forbid or require "the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and

---

[3] For the purpose of this opinion, we accept defendant's representation that he is engaged in such business. The trial court considered no facts in making its ruling. The only information in the record with respect to the nature of defendant's business and the conduct which gave rise to the charges is found in police reports incorporated in an affidavit for arrest warrant.

[4] That case addresses trading in automobiles and automobile parts which are the property of another under subsection (1) of section 42-5-102, C.R.S. 1973 (1979 Supp.). Subsections (1) and (2) of that statute are part of an article headed "Automobile Theft Law", all parts of which treat various aspects of theft of automobiles and automobile parts.

[5] This is not a situation of the type presented in *People v. Von Tersch,* 180 Colo. 295, 505 P.2d 5 (1973), where activity not properly subject to prohibition under the police power constituted a significant area of activity prohibited by statute. *See also Lakewood v. Pillow,* 180 Colo. 20, 501 P.2d 744 (1972). Where conduct and not merely speech is involved, overbreadth must be both real and substantial judged in relation to the statute's plainly legitimate sweep before a statute will be invalidated on that ground. *Broadrick v. Oklahoma, supra; People v. Fitzgerald, supra.*

differ as to its application." *Connally v. General Const. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *People v. Cardwell,* 181 Colo. 421, 510 P.2d 317 (1973).

The trial court determined that section 42-5-102(2), C.R.S. 1973 (1979 Supp.), was vague as to whether an actor must have knowledge of the existence of altered identification numbers in order to come within the conduct proscribed. If such knowledge is required, the statute establishes a substantial deterrent to purchase of stolen automobiles and automobile parts, without adversely affecting legitimate purchases. The legislative objective was to curb trafficking in such stolen property; the statute deals with those who seek to aid a thief. *Cf. People v. Smith, supra (see* note 4, *supra).* If knowledge of altered identification numbers is not required as an element of the crime, a purchaser assumes a high risk of committing a serious crime unwittingly whenever he acquires an automobile. We hesitate to ascribe to the legislature an intent to create the dampening effect on legitimate commercial transactions which would result from such a statutory construction. Even more importantly, we will not lightly assume that the legislature intended to subject conduct to serious criminal penalties without requiring a culpable mental state. *See People v. Washburn,* 197 Colo. 419, 593 P.2d 962 (1979); *People v. Johnson,* 193 Colo. 199, 564 P.2d 116 (1977). Indeed, a culpable mental state almost certainly is constitutionally mandated if a criminal statute of the nature of section 42-5-102(2), C.R.S. 1973 (1979 Supp.), is to comport with due process of law. *See People v. Washburn, supra; see also People v. Johnson, supra* (Erickson, J., specially concurring).

A statute should be construed in a manner consistent with constitutional requirements if possible. *People v. Washburn, supra; People v. Gonzales, supra.* Where a statute is susceptible to two different constructions, one constitutional and the other not, it will be presumed that the legislature intended the constitutional construction. *People v. Fitzgerald, supra.* The policies underlying the statute and the applicable rules of statutory construction provide guidance to resolution of the possible ambiguity in a manner fully consistent with the natural meaning of the language of the statute. We conclude that knowledge of the existence of an altered identification number with respect to an automobile or automobile part is intended to be an essential element of the crime of possession of an automobile or automobile part containing altered identification numbers, pursuant to section 42-5-102(2), C.R.S. 1973 (1979 Supp.).

A more difficult problem is presented in attempting to reconcile section 42-5-102(2), C.R.S. 1973 (1979 Supp.), with section 42-6-117, C.R.S. 1973 (1979 Supp.). That latter statute provides:

"The department [department of revenue] is authorized to assign a distinguishing number to any motor vehicle whenever there is no identifying number thereon or such number has been destroyed, obliterated, or

mutilated. Such distinguishing number shall be affixed to the vehicle in a manner and position to be determined by the department. Such motor vehicle shall be registered and titled under such distinguishing number in lieu of the former number or absence thereof."

Defendant contends that the quoted provisions reflect a legislative determination that possession of a motor vehicle containing a destroyed, obliterated, or mutilated identification number is legitimate; that such possession is the very conduct which section 42-5-102(2), C.R.S. 1973 (1979 Supp.), declares to be criminal; and that, in light of such conflict, it is necessary to guess as to the acts which section 42-5-102(2), C.R.S. 1973 (1979 Supp.), was intended to proscribe. That is not the case.

A review of the history of the relevant legislation is helpful in harmonizing the statutes. Sections 42-5-101 *et seq.*, C.R.S. 1973 (the Automobile Theft Law), were first enacted in 1919. Colo. Sess. Laws 1919, Extra. Session, ch. 7 at 14. Prohibition of alteration of identification numbers and prohibition of possession of automobiles and automobile parts having altered identification numbers were not included in the Automobile Theft Law until 1976. Colo. Sess. Laws 1976, ch. 169, 42-5-102(2) at 809.

Sections 42-6-101 *et seq.*, C.R.S. 1973 (the Certificate of Title Act), were first enacted in 1949. Colo. Sess. Laws 1949, ch. 114 at 233. As originally enacted, the Certificate of Title Act contemplated the situation in which an identification number legitimately might be "changed or altered" by an owner incident to alteration, replacement, or change of a motor vehicle part. Colo. Sess. Laws 1949, ch. 114, section 16 at 239.[6] In 1952, a section was added to the Certificate of Title Act to provide for the situation in which an identification number legitimately might be "destroyed, obliterated, or mutilated". Colo. Sess. Laws 1952, ch. 31, section 16(a) at 90.[7] The Automobile Theft Law as in effect when the Certificate of Title Act was enacted did not treat these activities.

In 1976 the legislature modified the Automobile Theft Law and the Certificate of Title Act. The reference to change or alteration of identification numbers incident to alteration or change of a motor vehicle part was deleted from the Certificate of Title Act (Colo. Sess. Laws 1976, ch. 169, 42-6-116 at 810), and section 42-5-102(2), C.R.S. 1973 (1979 Supp.), was adopted as part of the Automobile Theft Law (Colo. Sess. Laws 1976, ch. 169, 42-5-102(2) at 809). These legislative changes and additions are *in pari materia* and must be construed together and reconciled if possible. *People v. Cornelison,* 192 Colo. 337, 559 P.2d 1102 (1977). Our effort must be to ascertain the legislative intent and to give

---

[6] Colo. Sess. Laws 1949, ch. 114, section 16, is currently codified with minor amendments at section 42-6-116, C.R.S. 1973 (1979 Supp.).

[7] Colo. Sess. Laws 1952, ch. 31, section 16(a), is currently codified with minor amendments at section 42-6-117, C.R.S. 1973 (1979 Supp.).

388

effect to that intent. *People v. Sneed,* 183 Colo. 96, 514 P.2d 776 (1973).

Section 42-5-102(2), C.R.S. 1973 (1979 Supp.), specifically prohibits intentional alteration of identification numbers on automobiles or automobile parts and specifically prohibits possession of automobiles or automobile parts containing said altered identification numbers. In the same act by which that new crime was created, there was deleted from the Certificate of Title Act the implicit recognition of the legitimacy of changing or altering identification numbers incident to alteration, replacement, or change of a motor vehicle part. Reading the 1976 changes and additions as a whole, the intent of the legislature to prohibit intentional alteration of identification numbers is evident. This is not inconsistent with provisions of the Certificate of Title Act which recognize that an identification number might legitimately be "destroyed, obliterated, or mutilated." Section 42-6-117, C.R.S. 1973 (1979 Supp.). Those results could occur unintentionally, *e.g.,* as a consequence of a collision or during the course of repair work. We adopt the foregoing construction, which harmonizes the statutes in a manner giving effect to the legislative intent in enacting each.[8]

The vagueness test is not an exercise in semantics to emasculate legislation; rather, it is a pragmatic test to ensure fairness. *People v. Garcia,* 197 Colo. 550, 595 P.2d 228 (1979). There can be little question but that section 42-5-102(2), C.R.S. 1973 (1979 Supp.), gives adequate notice to one wishing to conform his conduct to the requirements of the law that knowingly possessing an automobile or automobile part containing intentionally altered identification numbers is proscribed. *See People v. Hines,* 194 Colo. 284, 572 P.2d 467 (1978).

The record does not establish whether the activity with which defendant is charged falls within the proscription of the statute as we have construed it. Resolution of this question must await the trial, at which the People must prove beyond a reasonable doubt every fact necessary to constitute the crime charged, including the alleged fact that defendant's activities were of a nature proscribed by the statute, as here construed. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

We reverse and remand to the trial court for further proceedings consistent with this opinion.

---

[8] We do not attempt to delineate the precise boundary between conduct proscribed by section 42-5-102(2), C.R.S. 1973 (1979 Supp.), and conduct permitted by section 42-6-117, C.R.S. 1973 (1979 Supp.), under all conceivable fact situations. That effort, and any determination whether section 42-5-102(2) is unconstitutionally vague as applied to fact situations near that boundary or cannot be constitutionally applied to a particular fact situation for any other reason, is appropriately let for case-by-case determination. *See People v. Garcia,* 189 Colo. 347, 541 P.2d 687 (1975). A defendant has no standing to challenge the statute as vague except as it may relate to his own conduct. *Weissman v. Bd. of Educ.,* 190 Colo. 414, 547 P.2d 1267 (1976).

JUSTICE GROVES and JUSTICE DUBOFSKY do not participate.
JUSTICE ERICKSON dissents.

JUSTICE ERICKSON dissenting:

I respectfully dissent:

A plain reading of section 42-5-102(2), C.R.S. 1973 (1979 Supp.) admits of only one conclusion — that the statute is unconstitutionally vague and overbroad. Section 42-5-102(2) provides that "Any person . . . who *knowingly possesses* an automobile or automobile part containing [a] removed, changed, altered, or obliterated vehicle identification number . . . commits a class 4 felony . . . ." (Emphasis added.) The statute does not state that any person who possesses an automobile or automobile parts and has knowledge that it contains removed, altered, etc., vehicle numbers has committed a class 4 felony. Thus, as it is presently drafted, the statute prohibits possession of an automobile or automobile parts even if the owner is unaware that the identification numbers have been altered. Such a statute clearly violates constitutional due process.

To avoid the constitutional problems in this case, the majority interprets the statute to require knowledge that identification numbers on the automobile or automobile parts have been altered. In my view, it is for the legislature and not the courts to create statutes. *People in the Interest of Maddox v. District Court,* 198 Colo. 208, 597 P.2d 573 (1979); *Chicago Title and Trust Co. v. Patterson,* 65 Colo. 534, 178 P. 13 (1919); *Hause v. Rose,* 6 Colo. 24 (1881). When a statute cannot pass constitutional muster on its own, we must take the difficult path and declare it to be unconstitutional. *See People v. Von Tersch,* 180 Colo. 295, 505 P.2d 5 (1973); *Lakewood v. Pillow,* 180 Colo. 20, 501 P.2d 744 (1972).

Accordingly, I would affirm the district court's decision.