The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

John Edison YOUNG,
Defendant-Appellant.

No. 84SA121.

Supreme Court of Colorado,
En Banc.

Jan. 14, 1985.

L. Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Wallace, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Paul Kram, Aurora, for defendant-appellant.

ERICKSON, Chief Justice.

The defendant, John Edison Young, appeals his conviction for attempted inducement of child prostitution. §§ 18–2–101, 8 C.R.S. (1978) and 18–7–405.5, 8 C.R.S. (1984 Supp.). We affirm.

I.

The defendant was charged with inducement of child prostitution in violation of section 18–7–405.5.[1] In a trial to the court,

---

1. Section 18–7–405.5 provides:

Any person who by word or action, other than conduct specified in section 18–7–403(1)(a), induces a child to engage in an act which is prostitution by a child, as defined in section 18–7–401(6), commits inducement of child prostitution.

Section 18–7–401(6) provides:

"Prostitution by a child" means a child performing or offering or agreeing to perform any act of sexual intercourse, fellatio, cunni-

the defendant's motion for a judgment of acquittal was granted on the charge of inducement of child prostitution, but the defendant was convicted of the lesser included charge of attempt to induce child prostitution.

During the trial, the court heard testimony from a twelve year old boy. The boy said that he was riding his bicycle behind his father's townhouse when the defendant called out to him. The defendant asked him if he knew anything about cars. After a brief conversation, the defendant invited the boy into his house on the pretense of showing him "some car things."

Once inside, the defendant stated that he was "queer" and said that he "liked little boys." The defendant then lowered his pants and began masturbating. The defendant asked the boy to pull down his pants and to "do like [he was] doing." When the victim refused, the defendant offered him $10.00 to masturbate with him. The boy again refused and left the house. Based on the above testimony and other sexually oriented questions and comments by the defendant, the court found the defendant guilty of attempted inducement of child prostitution and sentenced the defendant, who had previous convictions for child molestation, to seven years in the department of corrections.

## II.

The defendant claims on appeal that section 18–7–405.5 is unconstitutionally vague because the term "masturbation" as used in the statute is susceptible of two different interpretations.[2] He argues that masturbation can be interpreted either as the stimulation of one's own genitals for sexual gratification or the stimulation of another person's genitals for sexual gratification. Given the two possible constructions, the defendant claims the statute does not give fair warning of the conduct it forbids. We do not agree.

A statute is not impermissibly vague simply because it can be given two different interpretations. *People v. Seguin*, 199 Colo. 381, 386, 609 P.2d 622, 625 (1980). A statute is unconstitutionally vague only if persons of common intelligence must guess at its meaning or differ as to its application. *People v. Enea*, 665 P.2d 1026 (Colo.1983); *People v. Beruman*, 638 P.2d 789 (Colo.1982). Here, the statute evinces a clear legislative intent to prohibit the sexual exploitation of children by monetary or other economic inducement. In our view, the defendant's conduct of offering the victim money to masturbate in his presence constitutes one type of conduct that the General Assembly intended to punish. The defendant's vagueness claim is therefore without merit.

The defendant contends, however, that even if section 18–4–405.5 is constitutional, the statute only prohibits masturbation involving physical contact between the accused and the victim. The statute, he argues, does not proscribe inducing a child to masturbate in the presence of the accused. We find the defendant's argument unpersuasive. Such a narrow construction is not consistent with the statute's underlying purpose of preventing the sexual exploitation of children.

## III.

The defendant also asserts that the evidence adduced at trial did not support a conviction for criminal attempt. § 18–2–101, 8 C.R.S. (1978). We disagree.

An attempt merely requires some overt act beyond preparation. The overt act, however, need not be the last proximate act necessary to complete the offense. *People v. Frysig*, 628 P.2d 1004 (Colo.1981); *Johnson v. People*, 174 Colo. 413, 484 P.2d 110 (1971). The evidence here supports the trial court's finding that the defendant, by

lingus, masturbation, or anal intercourse with any person not the child's spouse in exchange for money or other thing of value.

**2.** Section 18–7–401(5) states:

"Masturbation" means stimulation of the genital organs by manual or other bodily contact, or by any object, exclusive of sexual intercourse.

his words and actions, made an overt attempt to persuade the victim to masturbate for money in violation of section 18–7–405.-5.

Accordingly, the defendant's conviction is affirmed.