The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

John William BOSSERT,
Defendant–Appellant.

No. 86SA493.

Supreme Court of Colorado,
En Banc.

May 1, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Eldridge, Lindstrom & Hollo, Wade H. Eldridge, Denver, for defendant-appellant.

KIRSHBAUM, Justice.

The defendant, John William Bossert, appeals the trial court's order denying a Crim.P. 35(c) motion filed subsequent to our decision in *People v. Bossert*, 722 P.2d 998 (Colo.1986) (*Bossert I*). In *Bossert I* this court affirmed the defendant's convictions in three cases of several counts of unlawful possession of altered motorcycle parts, in violation of section 42–5–102(2), 17 C.R.S. (1984).[1] The actual circumstances giving rise to the three cases in which the defendant sustained convictions were described in detail in that opinion, and will not be repeated here.

The defendant asserts that the trial court erred in failing to declare section 42–5–102(2) void and unconstitutional as applied to him, in rejecting the argument that a mistake of law defense tendered at trial should have been accepted, and in concluding that the prosecution did not employ perjured testimony to obtain one of his convictions. We reject these arguments.

■ The defendant argues that section 42–5–102(2) is unconstitutionally void for vagueness because a person possessing a motorcycle is unable to ascertain which of several numbers on various parts of the vehicle are identification numbers subject to the statute's provisions. He asserts that in view of this statutory gap, section 42–5–102 must be read *in pari materia* with section 42–6–107(1)(a), 17 C.R.S. (1984).[2] We rejected those arguments in *Bossert I* and in *People v. Sequin*, 199 Colo. 381, 609 P.2d 622 (1980), and reaffirm those holdings here.

The defendant also argues that the conduct prohibited by section 42–5–102 is permitted by section 42–6–117, 17 C.R.S. (1984),[3] and buttresses his position by pointing out that when granting permission to persons to possess motorcycle parts with altered numbers, the Department of Motor Vehicles (the Department) has not adopted rules or regulations distinguishing situations where an earlier number has been intentionally altered from situations where an earlier number has been unintentionally altered. The conduct prohibited by section 42–5–102 is knowing possession of motor vehicle parts containing identification numbers that have been intentionally altered. The *mens rea* required by the statute is not directly affected by the absence of Department rules distinguishing between knowing and unknowing possession. The facts relied on by the defendant do not suggest that the legislative scheme which he attacks violates his equal protection or due process rights or that *Sequin* should be overruled.

1. Section 42–5–102(2), 17 C.R.S. (1984), states as follows:

   Except as necessary to effect legitimate repairs, any person who intentionally removes, changes, alters, or obliterates the vehicle identification number, manufacturer's number, or engine number of an automobile or automobile part or who possesses an automobile or automobile part and knows or has reasonable cause to know that it contains such a removed, changed, altered, or obliterated vehicle identification number, manufacturer's number, or engine number commits a class 4 felony and shall be punished as provided in section 18–1–105, C.R.S.

   Section 42–5–101(1), 17 C.R.S. (1984), defines "automobile" as "all vehicles of whatever description propelled by any power other than muscular, except vehicles running on rails." Motorcycles are, therefore, covered under the Automobile Theft Law, §§ 42–5–101 to –109, 17 C.R.S. (1984).

As *Bossert I* points out, the defendant's appeal involves convictions in three separate cases filed against him in the Jefferson County District Court: Nos. 82CR157, 82CR158 and 82CR449. Footnote one of *Bossert I* notes that section 42–5–102(2) was amended in April of 1981 to reflect our decision in *People v. Sequin*, 199 Colo. 381, 609 P.2d 622 (1980). The footnote also indicates that the pre–1981 version of the statute applied when the informations were filed. However, all three informations were filed subsequent to the effective date of the amendment.

2. Section 42–6–107(1)(a), 17 C.R.S. (1984), describes the form and contents of certificates of title for motor vehicles.

3. Section 42–6–117, 17 C.R.S. (1984), provides that the Department of Motor Vehicles is authorized to assign a distinguishing number to any motor vehicle whenever there is no identifying number (for whatever reason).

The defendant next asserts that his conduct was permitted by section 42–5–107, 17 C.R.S. (1984),[4] as well as sections 42–6–107(1)(a) and 42–6–117 and that, therefore, the trial court erred in excluding his tendered defense of mistake of law. We rejected this argument in *Bossert I. Id.* at 1008–09. The defendant also contends that his conduct was permitted by Department regulations and by a decision entered by another division of the Jefferson County District Court and that these facts constitute a separate basis for his conclusion that the trial court erred in rejecting his defense of mistake of law.[5] We do not agree. No administrative rule or judicial act authorized the defendant to possess knowingly motor vehicle parts with intentionally altered identification numbers. Under these as well as all other facts in the case, the trial court did not err in rejecting the defendant's mistake of law defense at trial. *See* ABA *Standards on Finality of Judgments* § 22–6.1.

The defendant finally argues that one of his convictions was based upon perjured testimony. He asserts that Lloyd Stewart, a police officer, perjuriously testified that the specific Harley–Davidson transmission numbers in question were unique and could be used for identification purposes. The defendant asserts this testimony was perjurious because it was contradicted by a police report which was in Stewart's possession at the time he testified.

Crim.P. 35(c)(2)(V) and (VI) permit, in limited circumstances, a defendant to raise issues in post-conviction proceedings not asserted at trial. Crim.P. 35(c)(2)(V) permits review where "there exists evidence of material facts, not theretofore presented and heard," if the evidence "by the exercise of reasonable diligence, could not have been known to or learned by the defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice." The defendant's Crim.P. 35(c) motion does not state when the defendant learned of the police report or whether it was discoverable before trial, and the record contains no evidence to establish that the police report could not have been discovered with reasonable diligence prior to or during the trial. Under these circumstances, the defendant failed to establish that the evidence was newly discovered evidence, as required by Crim.P. 35(c)(2)(V). *See, e.g., Graham v. People,* 705 P.2d 505 (Colo.1985); *People v. Drumright,* 189 Colo. 26, 536 P.2d 38 (1975). Furthermore, Officer Stewart's testimony, which constituted only a small portion of the evidence introduced by the prosecution, was not of such significance to suggest that the defendant's convictions should be vacated in the interest of justice if in fact it were determined that the testimony was perjurious.

Crim.P. 35(c)(2)(VI) authorizes post-conviction review for other non-enumerated grounds "properly the basis for collateral attack upon a criminal judgment." However, a Crim.P. 35(c) motion that fails to contain sufficient allegations to support the claim asserted as the basis for relief may be dismissed for failure to state a claim upon which relief may be granted. *People v. Trujillo,* 190 Colo. 497, 499, 549 P.2d 1312, 1313 (1976).

The defendant here alleges that Stewart perjured himself because he was in possession of the police report and his testimony contradicted it. However, the defendant does not allege that Stewart had knowledge of the contents of the police report, nor does he specify which statements contained in the report conflicted

---

**4.** Section 42–5–107, 17 C.R.S. (1984), prescribes the procedures for police seizure, control and disposal of motor vehicles or parts thereof with altered engine numbers, vehicle identification numbers or manufacturers' serial numbers.

**5.** Although the defendant orally asserted this argument to the trial court during his trial, he did not address it in his initial appeal. *See*

*Bossert I,* 722 P.2d at 1008 n. 19. His failure to assert this alternative argument in his initial appeal would normally preclude consideration of it in his post-conviction Crim.P. 35(c) proceeding. However, the trial court erroneously indicated in its decision below that we disposed of this portion of the defendant's argument in *Bossert I.* We therefore elect to address it here.

with Stewart's testimony. To establish a charge of perjurious testimony, the defendant must demonstrate that the declarant made a materially false statement, in an official proceeding, under legally required oath, with a belief that the statement is untrue. § 18–8–502, 8B C.R.S. (1986); *People v. District Court*, 192 Colo. 480, 482, 560 P.2d 463, 464 (1977). The various statements articulated by the defendant in his Crim.P. 35(c) motion failed to allege, let alone establish, the elements of perjury with sufficient specificity to authorize the granting of relief based upon that ground.

For the foregoing reasons, the trial court's order is affirmed.

VOLLACK, J., does not participate.