**Dana P. HLAVAC, Petitioner,**

v.

**Donetta DAVIDSON, Secretary of State, in a Matter Before the Division of Administrative Hearings, Respondent–Appellee,**

**and**

**Frank E. Ruybalid, Respondent–Appellant.**

**No. 01CA0381.**

Colorado Court of Appeals, Div. V.

Aug. 29, 2002.

Certiorari Denied March 17, 2003. *

* Justice COATS would grant as to the following issue:

Whether expenditures from personal resources on a candidate's own campaign are implicitly or contextually included in the reporting requirements in the Colorado Fair Campaign Practices Act.

No Appearance for Petitioner.

Ken Salazar, Attorney General, M. Terry Fox, Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

Frank E. Ruybalid, Pro Se.

Opinion by Judge ROY.

Frank E. Ruybalid (candidate) appeals from an order of the administrative law judge (ALJ) concluding that he violated the reporting and disclosure requirements of the Fair Campaign Practices Act, § 1–45–101, et seq., C.R.S.2001 (the Act). We affirm.

Candidate and Dana P. Hlavac (opponent) both sought the 2000 Republican nomination for District Attorney for Colorado's Third Judicial District. On July 24, 2000, opponent filed a complaint with the Secretary of State, alleging, inter alia, that candidate had violated the Act by failing to report his own and his campaign committee's contributions and expenditures in May and June 2000.

The parties stipulated to the following facts. Candidate created the committee, made up of several persons, in February 2000, for the purpose of soliciting campaign donations, but did not file a certificate of organization for that committee as required

by the Act until late July 2000. Between February and July the committee received campaign contributions which were not deposited in the committee's bank account until July 5, 2000, the day the account was opened. The committee first expended funds from the account on July 15, 2000.

In the meantime, between February 23 and July 25, 2000, candidate spent approximately $4,000 of his personal funds on the campaign. On July 27, 2000, the committee filed with the Secretary of State the summary report of contributions and expenditures, which included candidate's personal expenditures.

The ALJ appointed to hear the matter concluded that candidate violated the reporting and disclosure requirements of the Act by accepting contributions before registering a candidate committee with the Secretary of State and by failing to make timely reports of his personal expenditures. The ALJ imposed sanctions, and this appeal followed.

I.

Candidate contends that the ALJ erred by concluding he was required to report his expenditures from personal funds pursuant to § 1–45–108, C.R.S.2001. We disagree.

As pertinent here, § 1–45–108(1)(a), C.R.S. 2001, provides, "All candidate committees ... shall report to the appropriate officer their contributions received, including the name and address of each person who has contributed twenty dollars or more; expenditures made; and obligations entered into by the committee or party."

Section 1–45–103(2), C.R.S.2001, defines "Candidate Committee" as "*a person, including the candidate,* or persons with the common purpose of receiving contributions and making expenditures *under the authority of a candidate*" (emphasis added).

It is apparent from the plain language of § 1–45–103(2) that a candidate committee may be comprised of one person only and that the candidate acting alone may be a candidate committee. Thus, a candidate who acts alone for the purpose of receiving campaign contributions or making campaign ex-

penditures is a candidate committee subject to the disclosure requirements of the Act.

The Act also provides that a candidate shall have only one candidate committee. Section 1–45–103(2). An obvious purpose of this limitation is to require that all contributions received, expenditures made, and obligations incurred under the authority of the candidate be reported by one entity, the candidate committee.

■ Therefore, the expenditures made by candidate from his personal funds before certification of his committee were either contributions to the ultimately certified candidate committee or expenditures by a separate campaign committee composed of the candidate alone.

Further, under § 1–45–108(1)(a), candidate committees must disclose all expenditures and obligations, even if no contributions are received. Thus, if a candidate runs without a separate committee and finances the campaign from personal funds, the candidate is a candidate committee under § 1–45–103(2) and must disclose expenditures and obligations as required by § 1–45–108(1)(a). Contrary to candidate's suggestion, nothing in § 1–45–108(1)(a) indicates that expenditures must be reported only if drawn on outside contributions.

We also reject candidate's argument that because he had a candidate committee, and a candidate may have only one candidate committee, it was legally impossible for him to be a candidate committee bound by the reporting requirements. Here, both candidate and the committee made expenditures under the authority of the candidate. Thus, both candidate and the committee were candidate committees or candidate was acting through the formed committee. In either instance, the expenditures were subject to the disclosure requirements of § 1–45–108(1)(a).

### II.

■ Candidate next contends that to hold that a "candidate committee" includes a candidate spending his or her personal money would result in an unconstitutional application of various provisions of the Act. He argues that a candidate would be limited in the amount he personally could spend on his or her own campaign in violation of the First Amendment. We disagree.

The seminal case in the area of campaign finance reform is *Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). In *Buckley,* the Supreme Court held that contribution limits and disclosure provisions are constitutional because they serve the basic governmental interest in safeguarding the integrity of the electoral process without directly impinging on the rights of individual citizens and candidates to engage in political debate and discussion. The Supreme Court added, however, that limitations on a candidate's expenditures from personal funds are unconstitutional violations of the First Amendment.

Section 1–45–105.3, C.R.S.2001, limits the amounts a natural person may contribute to a candidate committee. Candidate therefore argues that because a candidate is necessarily a natural person, but is also a candidate committee if he or she expends personal funds on the campaign, a candidate may not expend personal funds in excess of the contribution caps because to do so would be to make a contribution to a candidate committee in violation of the Act. Thus, candidate contends that our interpretation of "candidate committee" limits a candidate's expenditures from personal funds in violation of the rule of *Buckley v. Valeo, supra.*

Candidate's argument turns on the Act's definition of contribution. Section 1–45–103(4)(a), C.R.S.2001, provides as pertinent here:

"Contribution" means:

(I) The payment, loan, pledge, or advance of money, or guarantee of a loan, made to any candidate committee ...

(II) Any payment made to a third party for the benefit of any candidate committee ...

(IV) Anything of value given, directly or indirectly, to a candidate for the purpose of promoting the candidate's nomination, retention, recall, or election.

The statute does not specifically address whether a candidate's personal expenditures

are contributions. However, in light of *Buckley v. Valeo, supra,* we construe the limits of §§ 1–45–103 and 1–45–105.3 not to apply to a candidate's expenditures of personal funds and contributions made by the candidate to his or her own candidate committee. *See City & County of Denver v. Board of Assessment Appeals,* 30 P.3d 177 (Colo.2001)(courts must construe a statute to be constitutional, if possible); *see also* Secretary of State Rules Concerning Fair Campaign Practices Act 24.6 (2000)(limits of § 1–45–105.3(1) do not apply to contributions that a candidate makes personally to his or her candidate committee). Accordingly, we reject candidate's First Amendment argument.

### III.

Candidate also contends that any requirement in the Act that a candidate disclose personal campaign expenditures is unconstitutionally vague. We disagree.

■ The primary sanction for a violation of the Act is criminal. A criminal statute is unconstitutional if it is so vague that it leaves the public uncertain as to what conduct it prohibits. *People v. Holmes,* 959 P.2d 406 (Colo.1998). Consequently, a criminal statute may violate the due process clauses of the Fifth and Fourteenth Amendments and article II, § 25 of the Colorado Constitution where it forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *See City of Chicago v. Morales,* 527 U.S. 41, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999); *People v. Holmes, supra.* Conversely, a statute satisfies the requirements of due process if it provides fair notice of the conduct that has been deemed unlawful. *See Smith v. Charnes,* 728 P.2d 1287 (Colo.1986).

■ A criminal statute need not contain precise definitions of every word or phrase constituting an element of the offense to be deemed fair notice. *See People v. Schoondermark,* 699 P.2d 411 (Colo.1985). Due process does not require "mathematical exactitude in legislative draftsmanship," *People ex rel. City of Arvada v. Nissen,* 650 P.2d 547, 550 (Colo.1982), and a provision is not unconstitutionally vague simply because it could

have been drafted with greater precision. *See United States v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975). However, a statute must be sufficiently specific to give fair warning of the proscribed conduct, and, at the same time, must remain sufficiently general to address the essential problem under varied circumstances. *See, e.g., People v. Aalbu,* 696 P.2d 796 (Colo.1985); *People v. Sequin,* 199 Colo. 381, 388, 609 P.2d 622, 627 (1980)("The vagueness test is not an exercise in semantics to emasculate legislation; rather, it is a pragmatic test to ensure fairness.").

Candidate concedes that § 1–45–108 provides clear notice of the reports required of a candidate committee. Rather, candidate argues that § 1–45–103(2) provides an unclear definition of "candidate committee," and therefore the Act is unconstitutionally vague as to who must report. We are not persuaded.

■ We have already concluded that, according to the plain and unambiguous language of § 1–45–103(2), a candidate committee may be composed of one person only and that the person may be the candidate who then is subject to the Act's disclosure requirements. We conclude the statutes provide sufficient notice to persons of ordinary intelligence that expenditures, regardless of the source of the funds, must be reported. Accordingly, the statute is not unconstitutionally vague.

Candidate also appears to suggest that the Act is unconstitutionally overbroad and inhibits basic First Amendment freedoms because it prohibits a candidate from spending personal funds on a campaign. To the contrary, we have already concluded that, construed to preserve its constitutionality, the Act does not inhibit a candidate's expenditures of personal funds so long as those expenditures are made through a candidate committee and reported in accordance with the Act.

Accordingly, the order is affirmed.

Judge MARQUEZ and Judge NIETO concur.